UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE: ) | |
| ) | CASE NO. 10-21973 |
| KF LIQUIDATING COMPANY, ) | |
| DEBTOR ) | CHAPTER 11 |
| ) | |
| ) | |
| HMZ ENERGY LLC, ) | |
| PLAINTIFF ) | ADV. PRO. NO. 10-2183[1] |
| v. ) | |
| ) | RE: ECF NO. 30 |
| SACK DISTRIBUTORS CORP. and ) | |
| THE KASDEN FUEL COMPANY, ) | |
| DEFENDANTS ) | |
| ) | |
| THE KASDEN FUEL COMPANY, ) | |
| PLAINTIFF/OBJECTOR ) | ADV. PRO. NO. 10-2362 |
| v. ) | |
| ) | RE: ECF NO. 41 |
| SACK DISTRIBUTORS CORP., ) | |
| DEFENDANT/CLAIMANT ) | |

APPEARANCES:

Barry S. Feigenbaum, Esq.
Rogin Nassau LLC., 185 Asylum Street, 22nd Floor, Hartford, CT 06103
Attorney for Plaintiff HMZ Energy LLC

Elizabeth J. Austin, Esq., Irve J. Goldman, Esq., Jessica Grossarth, Esq., Michael Patrick Carrington, Esq.
Pullman & Comley, LLC, 850 Main Street, P.O. Box 7006, Bridgeport, CT 06601-7006
Attorneys for Defendant Sack Distributors Corp.

Eric A. Henzy, Esq., Jon P. Newton, Esq.
Reid and Riege, P.C., 1 Financial Plaza, Hartford, CT, CT 06103
Attorneys for Defendant The Kasden Fuel Company

Meredith C. Burns, Esq., Robert A. White, Esq.
Murtha Cullina LLP, CityPlace I, 185 Asylum Avenue, Hartford, CT 06103
Attorneys for Chapter 11 Trustee

---

[1] Adversary Proceeding Nos. 10-2183 and 10-2362 have been consolidated for all purposes, including trial, with the consolidated actions docketed and tried under Adversary Proceeding No. 10-2183. *See Stipulated Order of Consolidation of Actions*, Adv.ECF No. 28.

**CONSOLIDATED RULING AND MEMORANDUM OF DECISION
DENYING MOTIONS FOR PARTIAL SUMMARY JUDGMENT**

ALBERT S. DABROWSKI, United States Bankruptcy Judge

## I. INTRODUCTION

Before the Court are two motions for summary judgment raising the identical issue filed by HMZ Energy LLC and the Chapter 11 Trustee in the two above captioned and consolidated adversary proceedings. For the reasons stated hereafter, the motions shall be denied.

## II. JURISDICTION

The United States District Court for the District of Connecticut has jurisdiction over the instant adversary proceedings by virtue of 28 U.S.C. §1334(b); and this Court derives its authority to hear and determine these proceedings on reference from the District Court pursuant to 28 U.S.C. §157(a), (b)(1) and the District Court's General Order of Reference dated September 21, 1984. These are "core proceedings" pursuant to 28 U.S.C. §157(b)(2)(K).

## III. PROCEDURAL BACKGROUND

*A. Bankruptcy Case No.* **10-21973**

On June 11, 2010, the Kasden Fuel Company, Inc. (hereafter, "Kasden", or "Debtor"), commenced the instant bankruptcy case by the filing of a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code. On September 16, 2010, Sack Distributors Corp. (hereafter, "Sack") filed a proof of claim (Proof of Claim No. 18), asserting a secured claim on all the Debtor's assets in the amount of $6,928,234.10, with, *inter alia*, copies of a Note, Security Agreement and a UCC-1 financing statement and

continuation statement annexed thereto.[2]  On February 4, 2011, the Court (i) directed the United States Trustee to appoint a Chapter 11 Trustee in this case pursuant to 11 U.S.C. § 1104(d), *see Order Directing Appointment of Chapter 11 Trustee,* ECF No. 289,[3] and (ii) approved the United States Trustee's appointment of James A. Beldner, as that Chapter 11 Trustee. *See Order Approving Appointment of Chapter 11 Trustee*, ECF No. 291, & *Amended Order Approving Appointment of Chapter 11 Trustee*, ECF No. 327.

### B. Adversary Proceeding No. 10-2183

On October 4, 2010, HMZ Energy LLC (hereafter, "HMZ") commenced Adversary Proceeding No. 10-2183, by the filing of a Complaint against Sack and Kasden. The Complaint, as amended, *see* Amended Complaint, Adv. ECF No. 22, seeks in Count One a judgment that Sack is not a secured creditor of Kasden. Presently before the Court in Adversary Proceeding 10-2183 is HMZ's *Motion for Summary Judgment* (hereafter, the "HMZ Motion"), Adv. ECF No. 30, seeking summary judgment as to Count One of the Amended Complaint.  Sack has filed a *Memorandum of Law of Defendant [Sack] in Opposition to Motions for Summary Judgment*, Adv. ECF No. 54. The parties have filed statements of disputed/undisputed facts and memoranda of law in accordance with D.Conn. L.Civ.R. 56, made applicable in bankruptcy proceedings by D.Conn. LBR 1001-1.

### C. Adversary Proceeding No. 10-2362

On November 1, 2010, Kasden filed an *Objection to Claim and Counterclaim*

---

[2]*See, e.g.*, *Notice of Transfer of Claim for Security Only . . .* , ECF No. 457, noticing that Proof of Claim No. 18-1 was transferred before the proof of claim was filed, and that the transferee, C & I Solutions, LLC, joins in the filed proof of claim pursuant to Fed. R. Bankr. P. 3001(e)(3).

[3]As used herein, "ECF No." refers to documents in the Debtor's Chapter 11 bankruptcy case (No. 10-21973). Unless otherwise indicated, "Adv. ECF No." refers to documents filed in the lead proceeding, Adversary Proceeding No. 10-2183.

3

entitled, *The Kasden Fuel Company vs. Sack Distributor Corp.*, which was assigned Adversary Proceeding No. 10-2362 (hereafter, the "Kasden Complaint"). The Kasden Complaint, as amended, *see Amended Objection to Claim and Complaint*, ECF No. 13 (Adv. P. 10-2362), contains three (3) counts: Count One – asserting Sack's claim to be overstated by as much as $698,823.41; Count Two – asserting Sack's claim is not secured; and Count Three – asserting Sack's claim, to the extent secured, is limited to $2,000,000.00. Presently before the Court in Adversary Proceeding 10-2362 is the *Motion for Partial Summary Judgment*, Adv. ECF No. 41, filed by the Chapter 11 Trustee seeking summary judgment as to Count Two of the Amended Complaint.[4] In support of his motion, to minimize duplication and preserve judicial resources, the Chapter 11 Trustee joined in the Memoranda of Law filed by HMZ, and adopted HMZ"s Local Rule 56(a)(2) Statement, filed in Adversary Proceeding No. 10-2183.

For the reasons set forth hereinafter, the Motions are denied.

## IV. DISCUSSION

### A.    *Summary Judgment Standards*

Fed.R.Civ.P. 56(c)(2), made applicable in bankruptcy proceedings by Fed. R. Bankr.P. 7056, provides that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." It is well-established that "[i]n considering a motion for summary judgment, the court does

---

[4]The Chapter 11 Trustee is not moving for summary judgment on Count One of the Complaint (amount of claim) as "he is hopeful that claim can be settled", or on Count Three (extent of the lien) "because granting this motion will render that count moot." *Motion for Partial Summary Judgment*, Adv. ECF No. 41 at.2

4

not decide questions of fact, but determines only whether, after resolving any ambiguities and drawing all reasonable inferences in favor of the nonmovant, a genuine issue exists for trial." *Cadle Co. v. DiFabio (In re DiFabio)*, 314 B.R. 281, 285 (Bankr. D.Conn. 2004); *See, also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *SCR Joint Venture L.P. v. Warshawsky*, 559 F.3d 133, 137 (2d Cir.2009); *Giannullo v. City of N.Y.*, 322 F.3d 139, 140 (2d Cir.2003).

## *B. Arguments of the Parties*

The Debtor was a retailer of home heating oil and Sack, a heating oil distributor, was its primary supplier. The parties do not dispute that, on December 14, 2000, in return for a $2,000,000 line of credit, the Debtor and Sack executed a *Commercial Reserve Credit Agreement and Note* (hereafter, the "Note") and *Commercial Security Agreement* (hereafter, the "Security Agreement"), Adv. ECF No. 22, Exhs. A, B, granting Sack a security interest in its assets; that Sack timely filed a UCC-1 financing statement and continuation statement with the Connecticut Secretary of State, Adv. ECF No. 22, Exh. C, that, in accordance with the provisions of the Note, the Debtor had, as of December 14, 2005, repaid the full amount borrowed from Sack; that thereafter Sack continued to extend credit to the Debtor to finance its purchases of inventory from Sack; and that Sack's claim arises from the Debtor's credit purchases from January, 2008 through April, 2010.

The primary issue presently before the Court is whether Sack's future advances related to the Debtor's post December 14, 2005 fuel purchases were secured under the terms of the Security Agreement. HMZ contends they are entitled to summary judgment as a matter of law as the Security Agreement is unambiguous as to future advances and

asserts, *inter alia:*

> that Sack's claim as a secured creditor should be denied because: (a) the Note and Security Agreement do not cover the invoices which Sack alleges form the basis of its secured claim; (b) the Note expired on December 14, 2005 and all obligations as of that date have been fully paid; and (c) the Security Agreement has expired on its own terms because all of the obligations secured by the Security Agreement have been fully paid.

HMZ Memorandum of Law . . . , Adv. ECF No. 31 at 4. HMZ further argues that the Security Agreement's lack of a future advances clause and its references to obligations "now existing" unambiguously exclude coverage of future advances. *Id*. a 7-8. Sack argues that the Security Agreement is ambiguous as to future advances; that whether future advances are covered by the Security Agreement depends upon the intent of the parties; and that such intent is a question of fact, precluding summary judgment.

## C. Applicable Law

Matters concerning the existence or scope of Sack's security interest in the Debtor's assets are governed by Connecticut law. *See Butner v. United States*, 440 U.S. 48, 55, 99 S.Ct. 914, 918 (1979) ("Property interests are created and defined by state law . . . . The justifications for application of state law are not limited to ownership interests; they apply with equal force to security interests. . . ."). "Secured transactions are governed by the Uniform Commercial Code ("UCC"), as adopted by the Connecticut legislature. That law gives leeway for parties to alter and vary their rights and responsibilities from what the UCC dictates for secured transactions . . . . *see also* § 42a–1–302(a) ("Except as otherwise provided . . . the effect of provisions of this title may be varied by agreement.")." *In re Bolin & Co., LLC*, 437 B.R. 731, 752 (D.Conn. 2010).

The intent of the parties is to be ascertained by a fair and reasonable

> construction of the written words and . . . the language used must be accorded its common, natural, and ordinary meaning and usage where it can be sensibly applied to the subject matter of the contract . . . . Where the language of the contract is clear and unambiguous, the contract is to be given effect according to its terms. A court will not torture words to import ambiguity where the ordinary meaning leaves no room for ambiguity. . . . Similarly, any ambiguity in a contract must emanate from the language used in the contract rather than from one party's subjective perception of the terms. The mere fact that the parties advance different interpretations of the language in question does not necessitate a conclusion that the language is ambiguous.
>
> If a contract is unambiguous within its *four corners*, intent of the parties is a question of law . . . . When the language of a contract is ambiguous, the determination of the parties' intent is a question of fact.

*Honulik v. Town of Greenwich*, 293 Conn. 698, 711 (2009) (emphasis added; citations and internal quotation marks omitted).

The Court must first ascertain what is and is not within the "four corners" of the Security Agreement. Because the Security Agreement includes numerous references to the Note, "a copy of which is attached [t]hereto as Schedule A," the terms of the Note are incorporated therein. Security Agreement, Adv. ECF No. 22, Exh.B at 1.

> Where, as here, the signatories execute a contract which refers to another instrument in such a manner as to establish that they intended to make the terms and conditions of that other instrument a part of their understanding, the two may be interpreted together as the agreement of the parties.

*Batter Bldg. Materials Co. v. Kirschner*, 142 Conn. 1, 7 (1954); See also, *Allstate Life Ins. Co. v. BFA Ltd. Partnership*, 287 Conn. 307, 315 (2008) (quoting *Batter Bldg. Materials*). Accordingly, the Court considers whether the terms of the Security Agreement and the Note, *taken together*, give rise to an ambiguity. Although the Security Agreement itself makes no reference to future advances, the terms of the Note establish a line of credit, rather than a single advance, and make numerous references to the advances to be made

thereunder.

The existence, within the "four corners" of the Security Agreement (which includes the Note), of manifestly conflicting provisions indicates the presence of a genuine issue of material fact as to the parties' intent to secure future, as well as existing, advances made pursuant to the Note. The Court further finds that the resolution of such factual issue may raise further issues of material fact concerning whether and when the Note and Security Agreement terminated, the maximum amount, if any, of secured debt thereunder, and whether the parties had modified the terms of the Note and/or Security Agreement.

## V.   CONCLUSION

In accordance with the forgoing discussion, the Court concludes that the Count One of the Amended Complaint in Adversary Proceeding 10-2183, and the Count Two of the Amended Complaint in Adversary Proceeding 10-2362, implicate genuine issues of material fact that preclude summary judgment as to those counts. Accordingly,

**IT IS HEREBY ORDERED** that the *Motion for Summary Judgment*, Adv. ECF No. 30, filed by HMZ, and the *Motion for Partial Summary Judgment*, Adv. ECF No. 41, filed by the Chapter 11 Trustee, in these consolidated adversary proceedings are **DENIED**.

Dated: September 14, 2011                                                          BY THE COURT

> Albert S. Dabrowski
> United States Bankruptcy Judge